UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DON JUAN GILLAM,

       Plaintiff,

  v.

MARK KERN,

       Defendant.

Case No. 26-cv-150-JPG

**MEMORANDUM AND**
**ORDER FOR SERVICE OF PROCESS**

      This matter comes before the Court on the motion of plaintiff Don Juan Gillam for leave to proceed *in forma pauperis* (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

      The Court is satisfied from Gillam's affidavit that he is indigent. The Court further finds his complaint attempts to articulate a non-frivolous claim for deprivation of a property interest

without due process of law in violation of the Fourteenth Amendment.  *See Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872 (7th Cir. 2009) ("[D]enying renewal to a liquor license holder without a hearing or other adjudication violates due process."). Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 3).

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.  The Court **DIRECTS** the Clerk of Court to send the plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.  Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**
**DATED:  February 11, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**